*Law Library*

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
SUPERIOR COURT

2013 MAY -6 PM 2: 20

CLERK OF COURT
BY _____

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case no. CM 0969-10 |
| v. | |
| | **DECISION AND ORDER**<br>re: Motion to Dismiss |
| TOMSON TOMMY, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 18th, 2013. The People were represented by Assistant Attorney General James Stake. The Defendant was represented by Assistant Public Defender Suresh Sampath. The Court finds that there was an unreasonable delay in the service of the warrant and therefor the Court now issues the following decision and order granting Defendant's Motion to Dismiss the case with prejudice.

## BACKGROUND

On November 15, 2009, the Defendant was arrested for DUI and given a Notice to appear on November 10, 2010. Almost one year later and eleven days prior to the statute of limitations expiring, a complaint was filed against the Defendant. The Defendant did not appear at the November 10th hearing and a warrant was issued for his arrest. Despite not leaving island or changing his home or work addresses, the warrant was not executed for over nineteen months. The Defendant was arrested on July 6, 2012, pursuant to the warrant and subsequently arraigned on July 18th, 2012.

## DISCUSSION

The Defendant has moved the Court to dismiss his case for failure to be speedily arraigned. Recent Guam case law has held that unless good cause is shown, a complaint shall be dismissed where a defendant is not arraigned within 60 days of the filing of the complaint. *People v Rasauo*, 2011 Guam 14, ¶ 14(Rasauo II). Furthermore, the Supreme Court in *Rasauo II* noted that Guam law states "it shall be the duty of all courts and judicial officers and…" to expedite such proceedings.

The Government has rested its opposition on the argument that the delay is justified because a warrant was outstanding and there was nothing further for it to do. As stated above and held numerous times, the delay in the service of a summons, which is also outside the control of the prosecutor, is grounds for dismissal under Guam law. Rasauo II and its prodigy set the limit for service of a summons at 60 days. While the Court does not state any time limit for the service of a warrant, the Court finds that where the Defendant has not moved, has the same address, and has the same employer, as is set forth here, nineteen months is in excess of the reasonable time to serve the warrant, absent a clear demonstration of good cause. No evidence of the reason for the delay is serving the warrant is proffered. As presented, the Defendant had the same home and work address as that presented when he was first arrested. There is no evidence he avoided service. Most noteworthy is that there is no evidence there was any attempt to even serve the warrant until July, 2012.

The Court is mindful of the excess workload and limited resources available to the marshals, as they work directly under the supervision of the Judiciary. However, as the Hawaii courts noted, the volume of warrants and lack of manpower cannot be held to excuse timely service of a warrant. *State v Lei*, 21 P.3d 880 (Haw. 2001). The Government also has the

assistance of the police to execute warrants and the presumption of their cooperation in cases that are prioritized.

## CONCLUSION

Based on the foregoing, the court holds that Guam law requires warrants to be served without undue delay and that absent good cause, the failure to serve a warrant and arraign a defendant is grounds for dismissal under *Rasauo II* and its prodigy. The Court finds that the facts presented in this case, including the absence of any evidence of good cause, warrant dismissal of the case. The only meaningful sanction is a dismissal with prejudice. Therefor the Court GRANTS Defendant's Motion to Dismiss the case with prejudice.

The Defendant shall prepare the judgment of dismissal and get it approved as to form.

SO ORDERED, this 6th day of May 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña Guam

MAY 0 6 2013

Clmerie J. Mendiola
Deputy Clerk, Superior Court of Guam